J-S26040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC THEADY BANKS | |
| Appellant | No. 1521 MDA 2014 |

Appeal from the Order Entered August 21, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0001637-2011

BEFORE: OTT, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED AUGUST 14, 2015**

This is an appeal from an order dated August 21, 2014 denying Eric Banks' second petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. We affirm.

Following a non-jury trial, the lower court found Banks guilty of firearms not to be carried without a license, persons not to possess firearms and possession of a small amount of marijuana.[1] The lower court sentenced Banks to an aggregate term of 5-10 years' imprisonment. Banks filed a direct appeal to the Superior Court, which affirmed his judgment of sentence on May 8, 2012. Banks filed a petition for allowance of appeal in the

---

[1] 18 Pa.C.S. §§ 6106(a)(1) and 6105 and 35 P.S. § 780-113(a)(31), respectively.

Supreme Court but subsequently withdrew his petition via praecipe on December 3, 2012.

On December 12, 2012, Banks filed a timely PCRA petition. The lower court appointed Thomas Gregory, Esquire to represent Banks in the PCRA proceeding. Mr. Gregory filed an amended PCRA petition on Banks' behalf. On March 25, 2013, the lower court denied the amended petition. Banks appealed to the Superior Court, which affirmed on May 13, 2014. Banks filed a petition for allowance of appeal in the Supreme Court at 408 MAL 2014, which denied his petition on December 3, 2014.

On August 18, 2014, while Banks' petition for allowance of appeal was pending in the Supreme Court at 408 MAL 2014, Banks filed a second PCRA petition in the lower court. On August 21, 2014, the lower court denied this PCRA petition without a hearing. On September 9, 2014, Banks, acting *pro se*, filed a notice of appeal to the Superior Court, the appeal presently pending before us. On October 3, 2014, again acting *pro se*, Banks filed a Pa.R.A.P. 1925(b) statement in the lower court alleging that his sentence is illegal under **Alleyne v. United States**, -- U.S. --, 113 S.Ct 2151 (2013).[2]

---

[2] **Alleyne** held that "the constitutional jury trial right requires any fact, other than a prior conviction, that triggers a mandatory minimum sentence to be proven beyond a reasonable doubt before the finder of fact." **Commonwealth v. Riggle**, -- A.3d --, 2015 WL 4094427, *3 (Pa.Super., July 7, 2015).

On October 30, 2014, the lower court issued a Pa.R.A.P. 1925(a) opinion stating that Banks' second PCRA petition was untimely.

This Court served Mr. Gregory with a briefing schedule in this appeal. On December 1, 2014, Mr. Gregory filed a motion in this Court to withdraw as counsel and attached a "no-merit" letter under **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1988), and **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988), stating that (1) **Alleyne** did not apply retroactively to Banks' case, and (2) **Alleyne** did not apply because Banks did not receive any mandatory minimum sentence.

On December 10, 2014, this Court entered the following *per curiam* order:

> In light of the fact that appellant's counsel, Thomas W. Gregory Jr., Esquire, has filed a petition to withdraw as counsel pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988), the appellant shall be permitted to file a response to counsel's petition to withdraw and no-merit letter, either *pro se* or via privately retained counsel, within thirty (30) days of the date that this Order is filed. Appellant's failure to file a *pro se* or counseled response may be considered as a waiver of his right to present his issues to this Court. The Commonwealth's brief shall be due sixty (60) days from the date that this Order is filed.

Although almost eight months have elapsed since the date of this order, Banks has filed neither a counseled nor a *pro se* response to Mr. Gregory's petition to withdraw.

In PCRA appeals, our standard and scope of review are well-settled:

- 3 -

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

* * *

The **Turner/Finley** decisions provide the manner for postconviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, **see Turner,** **supra**, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit....

[T]his Court [has] imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal.... [C]ounsel is required to contemporaneously serve upon his [or her] client his [or her] no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney....

- 4 -

*Commonwealth v. Rykard*, 55 A.3d 1177, 1183–84 (Pa.Super.2012) (some citations and footnote omitted).

Our review of the record confirms that Mr. Gregory substantially complied with the *Turner/Finley* procedural requirements to withdraw. He filed a motion explaining that he believed Banks' claims lacked merit. Moreover, he sent this motion to Banks along with a letter explaining why his claims lack merit and informing him of his right to retain private counsel, proceed *pro se* or elect not to proceed further.

This Court has held that

> where counsel submits a petition and no-merit letter that do satisfy the technical demands of *Turner/Finley*, the court - trial court or this Court - must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief … By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super.2007) (citation omitted). As noted above, Banks has disregarded our invitation to file a brief in this appeal. But because Mr. Gregory has complied with *Turner/Finley*, we are required under *Wrecks* to overlook Banks' inertia and to conduct our own independent review of the record in this case.

Our first step in reviewing the record is to consider the timeliness of Banks' second PCRA petition, because it implicates the jurisdiction of both this Court and the PCRA court. *Commonwealth v. Williams*, 35 A.3d 44,

52 (Pa.Super.2011). "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." *Id*. To "accord finality to the collateral review process[,]" the PCRA "confers no authority upon this Court to fashion ad hoc equitable exceptions to the PCRA time-bar[.]" *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa.2011). "It is undisputed that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa.Super.2013); 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). "This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of a petition." *Id*. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Seskey*, 86 A.3d 237, 241 (Pa.Super.2014).

A facially untimely petition may be received, however, where any of the PCRA's three limited exceptions to the PCRA time bar are met. *Hernandez*, 79 A.3d at 651. These exceptions include:

> i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). The petitioner maintains the burden of pleading and proving that one of these exceptions applies. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa.2008).

Further,

[a] petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame under section 9545(b)(2).

*Hernandez*, 79 A.3d at 651-652.

Still another important jurisdictional principle is that a PCRA petitioner cannot file a new PCRA petition when a prior PCRA petition is still under review on appeal. *Commonwealth v. Ali*, 10 A.3d 282, 320 (Pa.2010) (citing *Commonwealth v. Lark,* 746 A.2d 585 (2000)) ("*as [a] matter of jurisdiction*, [a] PCRA court cannot entertain new PCRA claims or [a] new PCRA petition when [a] prior petition is still under review on appeal") (emphasis added).

We lack jurisdiction over this appeal because Banks filed the present PCRA petition while his prior PCRA petition was under review in our Supreme Court. *Ali*, 10 A.3d at 320 (as a jurisdictional matter, PCRA court cannot entertain new PCRA petition when prior petition is still under review on appeal).

Even had another PCRA petition not been pending, Banks' second PCRA petition is untimely. Banks' judgment of sentence became final on December 3, 2012, the date he withdrew his petition for allowance of direct appeal to our Supreme Court. His second PCRA petition, filed one year and eight months after his judgment of sentence became final, is facially untimely. Thus, Wright must plead and prove that this petition falls under one of the exceptions to the one year statute of limitations within section 9545(b)(1)(i)-(iii). He fails to meet this burden. He does not plead or prove that (1) government interference prevented him from filing a timely PCRA petition raising *Alleyne*; (2) the facts upon which he predicates his PCRA petition were unknown to him and could not have been ascertained within the limitation period by the exercise of due diligence; or (3) the right that he asserts is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after expiration of the PCRA's limitation period and has been held by that court to apply retroactively. Indeed, this Court has held, as a matter of law, that *Alleyne*

does not apply retroactively on postconviction review.  *Riggle*, 2015 WL at 4094427, *3-6.

In short, because Banks filed this petition while his first PCRA was still on appeal, and because Banks' second PCRA petition is patently untimely and does not satisfy any of the PCRA's time bar exceptions, the PCRA court properly dismissed his petition.

Order denying PCRA relief affirmed.  Petition to withdraw as counsel granted.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/2015